**EXHIBIT F**

PARK JENSEN BENNETT LLP

40 WALL STREET
NEW YORK, NEW YORK 10005

(646) 200 - 6300
WWW.PARKJENSEN.COM

TAI H. PARK
TPARK@PARKJENSEN.COM
DIRECT DIAL (646) 200-6310
TELECOPIER (646) 200-6311

August 24, 2015

**BY ELECTRONIC MAIL**

Assistant United States Attorney Sarah McCallum
Assistant United States Attorney Brooke Cucinella
United States Attorney's Office
Southern District of New York
One St. Andrew's Plaza
New York, New York 10007

Re: United States v. Stewart, 15 Cr. 287 (LTS)

Dear Sarah and Brooke:

On behalf of our client, Sean Stewart ("Mr. Stewart"), we hereby request that, pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, the government provide a bill of particulars in order to permit Mr. Stewart to prepare his defense and avoid unfair surprise at trial.

1. **Particulars Relating to Count One:**

   A. Paragraph 7:

       i.    Identify each individual with whom Mr. Stewart allegedly conspired to participate in and effectuate the "Insider Trading Scheme."

       ii.   Specify the "material, non-public information" that Mr. Stewart allegedly "acquired as part of his employment."

       iii.  State the manner in which Mr. Stewart allegedly "ma[de] or cause[d] to be made" the alleged profitable trades.

   B. Paragraph 8:

       i. Specify the "information" Mr. Stewart "divulged" to Robert Stewart "in breach of fiduciary duties and other duties of trust and confidence owed to the sources of the information."

PARK JENSEN BENNETT LLP

Sarah McCallum,
Brooke Cucinella
August 24, 2015
Page 2

    ii. Identify the date, time and means by which Mr. Stewart "divulged" such information to Robert Stewart.

    iii. State the fiduciary duties Sean Stewart allegedly breached on each of the occasions identified in response to the foregoing request 1(B)(ii). In particular, as to each occasion:

        a. State the nature of the "fiduciary duties."

        b. Identify the source or basis of such alleged duties.

        c. Specify to whom such alleged duties were owed by Mr. Stewart.

        d. State the manner in which those fiduciary duties were allegedly breached by Mr. Stewart.

    iv. Identify the "other duties of trust and confidence" Mr. Stewart allegedly breached on each of the occasions identified in response to request 1(B)(ii) above. In particular, as to each occasion:

        a. State the nature of the "duties of trust and confidence."

        b. State the source or basis of such alleged duties.

        c. Specify to whom such alleged duties were owed by Mr. Stewart.

        d. State the manner in which those duties were allegedly breached by Mr. Stewart.

C. Paragraph 9:

    i. Confirm that the "material non-public information" referred to in Paragraph 9 is or are the same as those referred to in Paragraphs 7 and 8. If not, specify the material non-public information.

    ii. Identify any and all "pecuniary advantage" Robert Stewart allegedly obtained through the use of material non-public information.

    iii. Identify any and all "pecuniary advantage" Robert Stewart allegedly "confer[red]" upon Mr. Stewart.

PARK JENSEN BENNETT LLP

Sarah McCallum,
Brooke Cucinella
August 24, 2015
Page 3

       iv.    Identify any and all of the "pecuniary benefits" Mr. Stewart allegedly
received as part of the alleged "insider trading scheme."

D. Paragraph 10:

  i.  Specify the "material, non-public information" that Mr. Stewart allegedly
"tipped" and/or "gave" to Robert Stewart "about the Kendle/INC deal before it
was publicly announced."

  ii.  Identify the date(s), time(s) and means by which such information was "tipped" or
given.

E. Paragraph 11:

  i.  State whether the government contends that the "second transaction" about
which Mr. Stewart allegedly "tipped" Robert Stewart was "material non-
public information."

  ii.  If so, specify the "material, non-public information" that Mr. Stewart
allegedly "tipped" to Robert Stewart about the acquisition of KCI by Apax
before it was publicly announced.

  iii.  Identify the date(s), time(s) and means by which Mr. Stewart allegedly
"tipped" such information.

  iv.  Identify the "others" at Investment Bank A who allegedly kept Sean Stewart
"apprised of developments with the" acquisition of KCI by Apax.

  v.  Identify the date(s), time(s) and means by which Robert Stewart allegedly
"passed that tip along to Cunniffe."

  vi.  Identify each person with whom Cunniffe allegedly "agreed" with respect to
the alleged "proposal."

F. Paragraph 12:

       i.    State whether the government contends that the "third transaction"
about which Mr. Stewart allegedly "tipped" Robert Stewart was
"material non-public information."

PARK JENSEN BENNETT LLP

Sarah McCallum,
Brooke Cucinella
August 24, 2015
Page 4

        ii.      If so, specify the "material, non-public information" that Mr. Stewart allegedly "tipped" to Robert Stewart about the acquisition of Gen-Probe by Hologic.

        iii.     Identify the date(s), time(s) and means by which Mr. Stewart allegedly "tipped" such information.

        iv.     Identify the date(s), time(s) and means by which Robert Stewart allegedly "in turn tipped Cunniffe."

G. Paragraph 13:

    i.     State whether the government contends that the "fourth transaction" about which Mr. Stewart allegedly "tipped" Robert Stewart was "material non-public information."

    ii.    If so, specify the "material, non-public information" that Mr. Stewart allegedly "tipped" to Robert Stewart about "the acquisition by tender offer of Lincare by Linde."

    iii.   Identify the date(s), time(s) and means by which Mr. Stewart allegedly "tipped" such information.

    iv.   Identify the date(s), time(s) and means by which Robert Stewart allegedly "passed the tip to Cunniffe."

H. Paragraph 14:

    i.  State whether the government contends that the "final transaction" about which Mr. Stewart allegedly "tipped" Robert Stewart was "material non-public information."

    ii.  If so, specify the "material, non-public information" that Mr. Stewart allegedly "tipped" to Robert Stewart about the acquisition of Carefusion by Becton before it was publicly announced.

    iii.  Identify the date(s), time(s) and means by which Mr. Stewart allegedly "tipped" such information.

PARK JENSEN BENNETT LLP

Sarah McCallum,
Brooke Cucinella
August 24, 2015
Page 5

> iv. With respect to the allegation that Mr. Stewart "learned that the acquisition was being contemplated," specify:
>
> > 1. What information he learned.
> >
> > 2. How he learned the information.
> >
> > 3. The date(s) and time(s) at which he learned the information.
>
> v. Identify the date(s), time(s) and means by which Robert Stewart allegedly "in turn tipped Cunniffe."

I. Paragraphs 15-18:

> i. Identify any and all "others" who allegedly "willfully and knowingly combined, conspired, confederated, and agreed together [with Mr. Stewart] and with each other to commit offenses against the United States." (Indictment ¶ 15).
>
> ii. Identify any and all "others" who allegedly "willfully and knowingly" conspired with Mr. Stewart, Robert Stewart and Cunniffe "to commit insider trading in connection with the securities of Kendle, KCI, Gen-Probe, Lincare, and CareFusion." (Indictment ¶ 16).
>
> iii. Identify any and all "others" who allegedly "willfully and knowingly would and did engage in fraudulent, deceptive, and manipulative acts and practices in connection with a tender offer." (Indictment ¶ 16).
>
> iv. Identify the "offering person" from whom Sean Stewart allegedly acquired "material non-public information" relating to the Linde/Lincare tender offer. (Indictment ¶ 17).
>
> v. Identify any and all "others" who allegedly committed the overt acts alleged. (Indictment ¶ 18).
>
> vi. Identify the "colleague" Sean Stewart emailed "to ask about the price of Kendle stock." (Indictment ¶ 18(a)).

PARK JENSEN BENNETT LLP

Sarah McCallum,
Brooke Cucinella
August 24, 2015
Page 6

### 2. **Particulars Related to Count Two:**

A. Identify each individual with whom Mr. Stewart allegedly conspired to participate in and effectuate the alleged wire fraud conspiracy. (Indictment ¶ 19-22).

B. Confirm that the "valuable confidential information" referenced in Paragraph 21 is intended to refer to the same information referenced as "material non-public information" in Count One of the Indictment. If the information referenced in paragraph 21 is <u>not</u> identical to the information referenced in Count One, then:

   i. Specify each such information.

   ii. Identify the date(s), time(s) and means by which Mr. Stewart allegedly obtained such information.

   iii. Identify the date(s), time(s) and means by which Mr. Stewart allegedly shared that information with alleged co-conspirators.

C. State how Mr. Stewart or his alleged co-conspirators are alleged to have "deceptively converted" the confidential information. (Indictment ¶ 21).

D. Confirm that the intended meaning of the phrase "in breach of fiduciary and other duties" referenced in Paragraph 21 is the same as the phrase "in breach of fiduciary duties and other duties of trust and confidence" referenced in Paragraph 8 of the Indictment. If the phrases do not have the same meaning, then:

   i. Describe the fiduciary duties that were allegedly breached.

      a. Describe the source or basis of such alleged duties.

      b. Specify to whom such alleged duties were owed and by whom.

      c. State the manner in which those fiduciary duties were allegedly breached and by whom.

   ii. Describe the "other duties" that were allegedly breached.

      a. Describe the source or basis of such alleged duties.

      b. Specify to whom such alleged duties were owed and by whom.

PARK JENSEN BENNETT LLP

Sarah McCallum,
Brooke Cucinella
August 24, 2015
Page 7

        c.  State the manner in which those duties were allegedly breached and by whom.

### 3.  Particulars Related to Counts Three and Four:

    A.    As to Count Three:

       i.  Specify the "material, non-public information" that Mr. Stewart allegedly "provided" to Robert Stewart relating to the Kendle deal.

      ii.  Identify the date(s), time(s) and means by which such information was provided.

    iii. State whether any duties owed by Mr. Stewart were alleged to be breached in connection with the Kendle deal.  If so:

            a.  Identify the duty or duties.

            b.  State the manner in which such duties were allegedly breached.

            c.  Identify any "pecuniary advantage" Mr. Stewart is alleged to have received with respect to trading in shares of Kendle.

  B.  As to Count Four:

       i.  Specify the "material, non-public information" that Mr. Stewart allegedly "provided" to Robert Stewart relating to the KCI deal.

      ii.  Identify the date(s), time(s) and means by which such information was provided.

    iii. State whether any duties owed by Mr. Stewart were alleged to be breached in connection with the KCI deal.  If so:

            a.  Identify the duty or duties.

            b.  State the manner in which such duties were allegedly breached.

            c.  Identify any "pecuniary advantage" Mr. Stewart is alleged to have received with respect to trading in shares of KCI.

PARK JENSEN BENNETT LLP

Sarah McCallum,
Brooke Cucinella
August 24, 2015
Page 8

      iii. Describe the "other duties" that were allegedly breached.

           a. Describe the source or basis of such alleged duties.

           b. Specify to whom such alleged duties were owed and by whom.

           c. State the manner in which those duties were allegedly breached and by whom.

## 4. Particulars Relating to Counts Five through Eight:

    a. As to Count Five:

        i. Specify the "material, non-public information" that Mr. Stewart allegedly "provided" to Robert Stewart relating to the KCI deal as it relates to Count Five.

        ii. Identify the date(s), time(s) and means by which such information was provided.

        iii. State whether any duties owed by Mr. Stewart were alleged to be breached in connection with the KCI deal.  If so:

           1. Identify the duty or duties.

           2. State the manner in which any such duties were allegedly breached.

           3. Identify any "pecuniary advantage" Mr. Stewart is alleged to have received with respect to trading in KCI options.

    b. As to Count Six:

        ii. Specify the "material, non-public information" that Mr. Stewart allegedly "provided" to Robert Stewart relating to the Gen-Probe deal.

        iii. Identify the date(s), time(s) and means by which such information was provided.

        iv. State whether any duties owed by Mr. Stewart were alleged to be breached in connection with the Gen-Probe deal.  If so:

PARK JENSEN BENNETT LLP

Sarah McCallum,
Brooke Cucinella
August 24, 2015
Page 9

      a.  Identify the duty or duties.

      b.  State the manner in which such duties were allegedly breached.

      c.  Identify any "pecuniary advantage" Mr. Stewart is alleged to have received with respect to trading in Gen-Probe options.

c.  <u>As to Count Seven</u>:

    i.  Specify the "material, non-public information" that Mr. Stewart allegedly "provided" to Robert Stewart relating to the Lincare deal.

    ii.  Identify the date(s), time(s) and means by which such information was provided.

    iii.  State whether any duties owed by Mr. Stewart were alleged to be breached in connection with the Lincare deal.  If so:

        1.  Identify the duty or duties.

        2.  State the manner in which such duties were allegedly breached.

        3.  Identify any "pecuniary advantage" Mr. Stewart is alleged to have received with respect to trading in Lincare options.

d.  <u>As to Count Eight</u>:

    i.  Specify the "material, non-public information" that Mr. Stewart allegedly "provided" to Robert Stewart relating to the CareFusion deal.

    ii.  Identify the date(s), time(s) and means by which such information was provided.

    iii.  State whether any duties owed by Mr. Stewart were alleged to be breached in connection with the CareFusion deal.  If so:

        a.  Identify the duty or duties.

        b.  State the manner in which such duties were allegedly breached.

PARK JENSEN BENNETT LLP

Sarah McCallum,
Brooke Cucinella
August 24, 2015
Page 10

> c.  Identify any "pecuniary advantage" Mr. Stewart is alleged to have received with respect to trading in CareFusion options.

5.  **Particulars Related to Count Nine:**

A.  Specify the "material, non-public information" that Mr. Stewart allegedly "provided" to Robert Stewart relating to the Lincare deal.

> i.  Identify the date(s), time(s) and means by which such information was provided.
>
> ii.  State whether any duties owed by Mr. Stewart were alleged to be breached in connection with the Lincare deal.  If so:
>
> > 1.  Identify the duty or duties.
> >
> > 2.  State the manner in which such duties were allegedly breached.
> >
> > 3.  Identify any "pecuniary advantage" Mr. Stewart is alleged to have received with respect to trading in Lincare options.

B.  Identify the "offering person."

C.  Identify the "substantial steps" allegedly taken by an "offering person."

D.  Identify the date(s) on which such steps were allegedly taken.

6.  **Particulars Related to Forfeiture Allegation:**  Identify all property of Mr. Stewart that the government contends "constitutes or is derived from proceeds traceable to" the offenses alleged in the Indictment.

PARK JENSEN BENNETT LLP

Sarah McCallum,
Brooke Cucinella
August 24, 2015
Page 11

*       *       *

We reserve the right to supplement these requests for particulars.  If you have any questions or would like to discuss these requests so as to avoid the need for motion practice, please do not hesitate to contact me.

Very truly yours,

Tai H. Park,
Kathleen Gardner

cc: Sean Stewart